MATTER OF ROMANO

In Visa Petition Proceedings

A-17477035

*Decided by Regional Commissioner May 16, 1968*

Preference classification under section 203(a)(6) of the Immigration and Na-
tionality Act, as amended, as a live-in maid, is denied where the evidence
does not establish that beneficiary is physically able to do the work; that
petitioner is financially able to pay her the prescribed rate nor that he, in
fact, intends to employ her to perform all the duties set forth in the job offer.

This matter is before the Regional Commissioner on appeal from
the decision of the District Director denying the petition.

The petitioner seeks to have the beneficiary accorded preference-
immigrant classification under section 203(a)(6) of the Immigration
and Nationality Act on the basis of his offer of employment as a
live-in maid. The petition is supported by a labor certification issued
December 1, 1967 by the Bureau of Employment Security pursuant
to section 212(a)(14) of the Act for a general maid.

The job offer on which the labor certification was issued is for a
live-in maid to be paid at the rate of $44 a week plus board and room.
The duties to be performed are set forth as keeping the home clean,.
doing all of the cooking, and helping with the children. The require-
ments for the position are "must be able to do the housework and cook
and babysit."

The beneficiary, the mother of the petitioner, is 55 years of age, a
native and citizen of Italy. In Italy she had worked as a cateress. She
entered the United States on March 5, 1966 as a visitor for pleasure
and resided with the petitioner. On August 11, 1966 she applied for
an extension of temporary stay for the reason that her daughter-in-law
was expecting her first child and she wished to help with the baby.
An extension was granted until March 4, 1967. On February 16, 1967
she applied for a further extension of stay as a visitor for medical
reasons. In support of that application, medical certificates dated
January 11, 1967 and May 1, 1967 were presented. The first certificate
said she was under the doctor's care for a gallbladder disease and was

unable to travel. The second certificate stated she had been under professional care for a gallbladder disease and hypertension since September 1966, that her physical condition was still poor, and that the attending physician was of the opinion that a trip back to Italy would be hazardous to her health. The further extension of stay until September 4, 1967 was granted. The beneficiary has now returned to Italy.

The petitioner's wife was employed for the first six months of 1967. Her gross earnings for that period were only $1,276.97. She expected the second baby in March 1968. A supplement to the job dated August 10, 1967 said the services of the beneficiary would be required to care for the new baby and the other child.

The petitioner was interviewed by an officer of this Service on February 7, 1968. He had a savings bank account with a balance on that date of $3,116.30, with interest on the account of $59.64 for the year 1967. His gross earnings in 1967 amounted to $6,841. He admitted he had never employed a domestic; that the only effort he had made to obtain household help was by word of mouth; and that he would not consider employing any person for this position except his mother. He asserted the position is permanent, that his mother is in good health, and expressed the hope the mother will babysit after his wife had the second baby so that his wife can return to work. On appeal he says he has to support his mother while she is in Italy, that if the mother were here he could pay her the salary of a live-in maid, and his wife could return to her former employment.

The entire record including the representations on appeal has been carefully considered. It is noted that the earnings of his wife in her outside employment, without deductions, approximate the $44 a week required to be paid the beneficiary and that her take-home pay may actually be less. It is found that the evidence does not establish (1) that the petitioner is financially able to pay the beneficiary the prescribed rate of $44 a week plus board and room; (2) that the beneficiary is physically able to do the housework, all the cooking, and babysit in the home as required by the job offer; and (3) that the petitioner in fact intends and desires to employ the beneficiary to perform all the duties set forth in the job offer. It is concluded that the petitioner has not established that the beneficiary is eligible for preference immigrant classification under section 203(a)(6) of the Act. Accordingly, the appeal will be dismissed.

*It is ordered* that the appeal be and hereby is dismissed.